NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ERNESTO URIAS AGUILAR, AKA Jorge E. Urias,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   17-70398<br><br>Agency No. A094-226-581<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jorge Ernesto Urias Aguilar, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  Urias Aguilar's request for oral argument, set forth in his opening brief, is denied.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part, and deny in part the petition for review.

Urias Aguilar's motion for leave to file a supplemental brief (Docket Entry No. 23) is granted. In reviewing this case, the court considered both briefs filed by Urias Aguilar.

We lack jurisdiction to review Urias Aguilar's contentions regarding the social groups that he proposes for the first time in his supplemental opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Urias Aguilar does not contest the BIA's determination that he waived any challenge to the IJ's dispositive finding that his asylum application was untimely. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Thus, we deny the petition as to Urias Aguilar's asylum claim.

Substantial evidence supports the agency's determination that Urias Aguilar failed to establish the harm he suffered and fears in El Salvador is on account of a

protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Urias Aguilar's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Urias Aguilar failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**